1

```
1   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
2   ------------------------------x
                                        18-CR-654(KAM)
3   UNITED STATES OF AMERICA,
                                        United States Courthouse
4            Plaintiff,                 Brooklyn, New York

5            -against-                  January 10, 2020
                                        4:00 p.m.
6   DARRELL WOODFORD,

7            Defendant.

8   ------------------------------x

9
               TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
10           BEFORE THE HONORABLE KIYO A. MATSUMOTO
                   UNITED STATES DISTRICT JUDGE
11

12  APPEARANCES

13  For the Government:        UNITED STATES ATTORNEY'S OFFICE
                               Eastern District of New York
14                             271 Cadman Plaza East
                               Brooklyn, New York 11201
15                             BY:  TEMIDAYO AGANGA-WILLIAMS
                               Assistant United States Attorney
16

17  For the Defendant:         FEDERAL DEFENDERS OF NEW YORK
                               One Pierrepont Plaza
18                             Brooklyn, NY 11201
                               BY:  ALLEGRA W. GLASHAUSSER, ESQ.
19

20  Also Present:              RACHEL BASS, PARALEGAL

21

22  Court Reporter:            LINDA D. DANELCZYK, RPR, CSR, CCR
                               Phone:  718-613-2330
23                             Fax:    718-804-271
                               Email:  LindaDan226@gmail.com
24

25  Proceedings recorded by mechanical stenography.  Transcript
    produced by computer-aided transcription.
```

PROCEEDINGS                                    2

1           (In open court.)

2           (Defendant enters the courtroom.)

3           THE COURT:  This is a change of plea proceeding in

4    the case United States versus Darrell Woodford, 18-CR-654.

5           May I have the appearances of the parties, please.

6           THE COURTROOM DEPUTY:  Will the government state

7    your appearance, please.

8           MR. AGANGA-WILLIAMS:  For the government, Temidayo

9    Aganga-Williams.

10          Good afternoon, Your Honor.

11          THE COURT:  Good afternoon.

12          For the defendant?

13          MS. GLASHAUSSER:  Good afternoon, Your Honor.

14          Allegra Glashausser representing Mr. Woodford, who

15   is seated next to me.  We are also joined by Rachel Bass, a

16   paralegal at the Federal Defenders.

17          THE COURT:  All right, thank you.

18          Mr. Woodford, do you speak and understand English

19   without any difficulty?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Would you please raise your right hand

22   and take an oath to tell the truth.

23          (Whereupon, the defendant was sworn/affirmed.)

24          THE DEFENDANT:  Yes.

25          THE COURTROOM DEPUTY:  Thank you.

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

PROCEEDINGS                                         3

1          THE COURT:  All right.  Did you want to review

2     something with your client before we get started?

3          MS. GLASHAUSSER:  I was just going to have him sign

4     the plea agreement, Your Honor.

5          THE COURT:  Okay.

6          (Pause.)

7          THE COURT:  Mr. Woodford, before I decide whether to

8     accept your guilty plea, there are a number of questions that

9     I must ask you in order to assure myself that your plea is

10    valid.  So if you don't understand my question, or you need me

11    to rephrase or clarify it, please let me know.

12          Sir, do you understand that having been sworn to

13    tell the truth, your answers to my questions will be subject

14    to penalties of perjury or making false statements if you do

15    not answer truthfully?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Would you please tell me your full legal

18    name.

19          THE DEFENDANT:  Darrell Woodford.

20          THE COURT:  Darrell Woodford?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Sir, how old are you?

23          THE DEFENDANT:  Nineteen.

24          THE COURT:  And would you tell me what schooling or

25    education you've had?

PROCEEDINGS                                    4

1              THE DEFENDANT:  High school.  I didn't finish high

2    school.

3              THE COURT:  Okay.

4              How far did you go in high school, sir?

5              THE DEFENDANT:  Eleventh grade.

6              THE COURT:  All right.  And you finished your 11th

7    grade year, though?

8              THE DEFENDANT:  Yeah.

9              THE COURT:  All right, thank you.

10             Do you have any difficulty speaking, understanding,

11   reading, or writing English?

12             THE DEFENDANT:  No.

13             THE COURT:  Have you been able to communicate with

14   your lawyer in the English language?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Ms. Glashausser, have you detected any

17   difficulty on your client's part with reading, writing,

18   speaking, or understanding English?

19             MS. GLASHAUSSER:  No, Your Honor.

20             THE COURT:  Mr. Woodford, are you presently or have

21   you recently been under the care of any physician or

22   psychiatrist?

23             THE DEFENDANT:  No.

24             THE COURT:  In the past 24 hours, have you taken any

25   narcotic drugs, medicine, or pills, or consumed any alcohol?

PROCEEDINGS                            5

1          THE DEFENDANT:  No.

2          THE COURT:  Have you recently been hospitalized or

3    treated for any mental or emotional problems, or any narcotic

4    or alcohol abuse issues?

5          THE DEFENDANT:  No.

6          THE COURT:  Do you feel that your mind is clear now?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Do you understand what is going on in

9    this proceeding today and why you are here?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Ms. Glashausser, have you discussed the

12    matter of pleading guilty with your client?

13          MS. GLASHAUSSER:  Yes, Your Honor.

14          THE COURT:  Does he understand the rights that he

15    would be waiving if he were to plead guilty?

16          MS. GLASHAUSSER:  Yes, I believe so, Your Honor.

17          THE COURT:  In your view, is your client capable of

18    understanding the nature of the proceedings we are holding

19    right now?

20          MS. GLASHAUSSER:  Yes, Your Honor.

21          THE COURT:  Do you have any doubt as to whether or

22    not he's competent to plead at this time?

23          MS. GLASHAUSSER:  I do not, Your Honor.

24          THE COURT:  Have you advised Mr. Woodford of the

25    maximum and minimum sentence and fine and other penalties that

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

1    could be imposed if he does plead guilty?

2              MS. GLASHAUSSER:  Yes, Your Honor.

3              THE COURT:  Have you also discussed with him the

4    advisory nature of the sentencing guidelines, and the

5    statutory sentencing factors in 3553(a) that I will be

6    considering in determining his sentence?

7              MS. GLASHAUSSER:  Yes, Your Honor.

8              THE COURT:  Mr. Woodford, as you know, you have the

9    right to counsel, and Ms. Glashausser is here representing

10   you.

11             You have the right to counsel through all phases of

12   this case.

13             Are you satisfied to have Ms. Glashausser represent

14   you?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Have you had an opportunity to discuss

17   your case with your lawyer?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Have you received a copy of the

20   indictment in the case 18-CR-654?

21             THE DEFENDANT:  Yes.

22             THE COURT:  As you know, sir, the indictment charges

23   you with being a felon in possession of ammunition.

24             On or about August 30th, 2018, within the Eastern

25   District of New York, specifically, three Remington-Peters .38

PROCEEDINGS                                                7

1    auto-caliber cartridge casings, in violation of 18 U.S. Code

2    Section 922(g)(1), 924(a)(2) and 3551.

3              Now, in addition, the indictment seeks a criminal

4    forfeiture of any firearm or ammunition that was involved in

5    the offense charged, including the three Remington-Peters .38

6    auto-caliber cartridge casings.

7              Do you understand, sir?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Have you consulted with your attorney

10   about the indictment?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Sir, you do have the right to persist in

13   your plea of not guilty.

14             Do you understand?

15             THE DEFENDANT:  Yes.

16             THE COURT:  If you do persist in your plea of not

17   guilty, under the United States Constitution and laws, you

18   would be entitled to a speedy and public trial by a jury with

19   the assistance of your attorney on the charges contained in

20   the indictment, 18-CR-654.  In fact, as you know, you were

21   scheduled to go to trial soon.

22             Do you understand?

23             THE DEFENDANT:  Yes.

24             THE COURT:  At the trial, you would be presumed to

25   be innocent, and the government would have to overcome that

PROCEEDINGS                                    8

1    presumption of innocence and prove you guilty beyond a

2    reasonable doubt as to each and every element of the offense

3    charged in the indictment.  You would not have to prove that

4    you were innocent.

5              If the government failed to prove you guilty beyond

6    a reasonable doubt, the jury would have the duty to find you

7    not guilty.

8              Do you understand?

9              THE DEFENDANT:  Yes.

10             THE COURT:  And that is why sometimes in a criminal

11   case the jury will return a not guilty verdict, even if the

12   jurors believe that the defendant on trial probably committed

13   the offense charged.

14             When a jury returns a not guilty verdict, the jurors

15   are not necessarily saying that they believe the defendant is

16   innocent, but rather they may not have been convinced beyond a

17   reasonable doubt that the defendant is guilty.

18             Do you understand the difference?

19             THE DEFENDANT:  Yes.

20             THE COURT:  During the trial, the witnesses for the

21   government would come to court and testify in your presence,

22   and your attorney would have a right to cross-examine those

23   witnesses and to object to all of the evidence offered against

24   you by the government.  Your attorney would have the right,

25   but no obligation, to present evidence and to require

1    witnesses to come to court and testify in your defense.

2              Do you understand?

3              THE DEFENDANT:  Yes.

4              THE COURT:  At the trial, although you would have

5    the right to testify if you chose to do so, you could not be

6    required to testify.  The United States Constitution protects

7    your right not to incriminate yourself.

8              So if you did decide not to testify, I would

9    instruct the jury that they could not hold that against you or

10   even discuss that fact during their deliberations.

11             Do you understand?

12             THE DEFENDANT:  Yes.

13             THE COURT:  If you do plead guilty, and I accept

14   your guilty plea, you will be giving up your constitutional

15   right to a jury trial and the other rights I've just

16   discussed.  There will be no further trial of any kind, and no

17   right to appeal from the judgment of guilty entered against

18   you.  You would essentially be convicted based upon your plea

19   of guilty during this proceeding that we are holding right

20   now, and the government will be free of any obligation to

21   prove anything about what you did in connection with the

22   charge in the indictment.

23             Do you understand?

24             THE DEFENDANT:  Yes.

25             THE COURT:  If you did proceed to trial and were

1  convicted by the jury's verdict, you would have a right to ask

2  the Court of Appeals to review the legality of all of the

3  proceedings leading up to your conviction.  But when you enter

4  a guilty plea, what you're doing is you're substituting your

5  own words for the jury's verdict.  And when you do that, you

6  are giving up your right to bring an appeal or otherwise

7  challenge your conviction or the judgment of guilty entered

8  against you.

9         Do you understand?

10         THE DEFENDANT:  Yes.

11         THE COURT:  If you do plead guilty, I will have to

12  ask you questions about what you did in order to assure myself

13  that are you, in fact, guilty of the charge to which you seek

14  to plead guilty.

15         You will have to answer my questions truthfully and

16  acknowledge your guilt.  And in that process, you will be

17  giving up your right not to incriminate yourself.

18         Do you understand?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Are you willing to give up your right to

21  a jury trial and the other rights I have just described?

22         THE DEFENDANT:  Yes.

23         THE COURT:  I understand that you've entered into an

24  agreement with the government, which was marked as Court

25  Exhibit Number 1.

PROCEEDINGS                                    11

1          I'd like to you ask whether your signature appears

2   above the line with your name on it?

3          THE DEFENDANT:  Yes.

4          (Court Exhibit 1, was received in evidence.)

5          THE COURT:  Before you signed this document, did you

6   have a chance to read it, sir?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Did you also have a chance to discuss

9   the terms of this agreement with your lawyer?

10          THE DEFENDANT:  Yes.

11          THE COURT:  And by signing this document, do you

12   intend to indicate that you both understand the terms of this

13   agreement and you agree to those terms?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you have any questions so far, sir?

16          THE DEFENDANT:  No.

17          THE COURT:  I'd like to advise you of the penalties

18   that you would face if you do plead guilty to the indictment.

19   Those are found at paragraph 1 of your agreement.

20          You face a maximum term in prison of ten years, and

21   a minimum term in prison of zero years.

22          You also face a maximum supervised release term of

23   three years, which would follow any term of imprisonment.

24          While on supervised release, the probation officer

25   has the right and the authority to supervise your activities.

PROCEEDINGS                                    12

1    And if you don't comply with the terms of your supervised

2    release, one of which is you cannot possess any ammunition or

3    any firearm, among other conditions, you could be violated and

4    you could be returned to prison for up to two years without

5    any credit for time that you've already spent in prison, and

6    without any credit for time you've already spent on supervised

7    release.

8              Do you understand?

9              THE DEFENDANT:  Yes.

10             THE COURT:  You also face a maximum fine of

11   $250,000.

12             Is there any restitution?

13             MR. AGANGA-WILLIAMS:  Your Honor, no, there wouldn't

14   be any restitution here based on the facts, Your Honor, no.

15             THE COURT:  All right.

16             In addition, you face a $100 mandatory special

17   assessment, which is based on the fact that you are convicted

18   of one count.

19             You also face criminal forfeiture, as set forth in

20   paragraphs 6 through 11 of your agreement.

21             And as we talked about in relation to the

22   indictment, the forfeiture sought by the government is

23   forfeiture of the ammunition that we described earlier, the

24   three Remington-Peters .38 auto-caliber cartridge casings, any

25   firearm or any ammunition that was involved in the offense,

1    and you're agreeing to assist the government in affecting the

2    surrender or forfeiture of any ammunition.

3           Were you seeking any monetary judgment,

4    Mr. Aganga-Williams?

5           MR. AGANGA-WILLIAMS:  No, Your Honor.

6           THE COURT:  All right.

7           Have you discussed this forfeiture provision with

8    your lawyer, sir?

9           THE DEFENDANT:  Yes.

10          THE COURT:  In addition, I'd like to confirm whether

11   or not you are a United States citizen, so we need not -- to

12   find out whether I need to advise you that there would be

13   immigration consequences if you do plead guilty to the

14   indictment.

15          Are you a United States citizen, sir?

16          THE DEFENDANT:  Yes.

17          THE COURT:  All right.

18          Under the Sentencing Reform Act of 1984, the United

19   States Sentencing Commission issued guidelines for judges to

20   consult in determining a sentence in a criminal case.

21          The United States Supreme Court has decided that

22   those guidelines are not mandatory but rather advisory.  The

23   guidelines provide a range of sentence within the minimum of

24   zero and the maximum of ten years.

25          Your agreement, at paragraph 2, advises you that

PROCEEDINGS                                    14

1    those guidelines are not mandatory but rather advisory.  In

2    addition, paragraph 2 sets forth the government's estimated

3    advisory guideline offense level.

4           The government estimates that the guideline is

5    likely to be 29, based on a base offense level of 27.  Two

6    points will be added because serious bodily injury was

7    sustained by an individual.  And you would also be entitled to

8    a three-level reduction because you're pleading guilty by

9    today.  And that would result in an adjusted offense level of

10   26.

11          Now, assuming that you are in Criminal History

12   Category III, based on your prior convictions, that would

13   place you in an advisory guideline range of imprisonment

14   between 70 to 97 -- I'm sorry, 78 to 97 months.

15          Have you discussed this provision with your lawyer,

16   sir?

17          THE DEFENDANT:  Yes.

18          THE COURT:  In addition, Ms. Glashausser, are you

19   confident that your client understands the advisory nature of

20   the guidelines and how they will be consulted in this case?

21          MS. GLASHAUSSER:  Yes, Your Honor.

22          THE COURT:  Sir, in addition, before you are

23   sentenced, the Probation Department will prepare what's called

24   a presentence report, which is a report that outlines the

25   conduct that led to your conviction.  It will also discuss

PROCEEDINGS                                    15

1    your biographical information, including where you were born,

2    where you went to school, what your family circumstances were

3    growing up; whether you have prior criminal convictions;

4    whether you have financial obligations to any individuals and

5    what your job history has been.

6            You will have an opportunity, once you get the

7    presentence report, to object to or correct any facts reported

8    by the Probation Department.  And the government will have the

9    same right to do that.

10           Once I get all of those submissions, I will make my

11   own independent advisory guidelines calculation.  And once I

12   do that, I will have the authority to impose a sentence that

13   is more severe or less severe than that called for by the

14   guidelines.

15           Do you understand?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Another important provision for you to

18   look at is paragraph 4 of your agreement where you are

19   agreeing not to challenge your sentence or conviction if I

20   impose a sentence on you of 108 months or less.

21           Do you understand that you've given up your right to

22   appeal a sentence of 108 months or less?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Have you discussed this provision with

25   your lawyer, sir?

PROCEEDINGS                                    16

1          THE DEFENDANT:  Yes.

2          THE COURT:  Also, in the federal system, criminal

3     justice system, parole has been abolished, and if you are

4     sentenced to prison, you will not be released on parole.

5          Do you understand?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Ms. Glashausser, do you agree generally

8     with the government's estimated guidelines offense level?

9          MS. GLASHAUSSER:  Yes, Your Honor.

10         THE COURT:  So, Mr. Woodford, even though your

11    lawyer does agree with the estimated offense level set forth

12    in your agreement, those estimates can be incorrect, and in

13    any event, I will independently be calculating your

14    guidelines.  And once I do that, I have authority to impose a

15    sentence that is more severe or less severe than that

16    recommended by the guidelines.

17         Do you understand?

18         THE DEFENDANT:  Yes.

19         THE COURT:  In addition, sir, if you do receive a

20    sentence that is not what you had hoped for, or that you would

21    expect, that will not be a basis for you to withdraw your

22    guilty plea.

23         Do you understand?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Do you have any questions that you'd

PROCEEDINGS                                      17

 1   like to ask your lawyer, or me, or anyone else regarding this

 2   case, the charges, and your rights?

 3          THE DEFENDANT:  No.

 4          THE COURT:  Are you ready to plead at this time?

 5          THE DEFENDANT:  Yes.

 6          THE COURT:  Sir -- well, let me ask your lawyer

 7   first.

 8          Ma'am, do you know of any reason why Mr. Woodford

 9   should not plead guilty to the indictment?

10          MS. GLASHAUSSER:  No, Your Honor.

11          THE COURT:  Mr. Woodford, do you plead guilty or not

12   guilty to the indictment?

13          THE DEFENDANT:  Guilty.

14          THE COURT:  Are you making the plea of guilty

15   voluntarily and of your own free will?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Did anyone threaten you or force you to

18   plead guilty?

19          THE DEFENDANT:  No.

20          THE COURT:  Other than the agreement that you made

21   with the government, did anyone make any promise to you that

22   caused you to plead guilty?

23          THE DEFENDANT:  No.

24          THE COURT:  Did anyone make any promise to you about

25   what your sentence will be?

PROCEEDINGS                                    18

1           THE DEFENDANT:  No.

2           THE COURT:  At this time, Mr. Woodford, I'm going to

3   ask you to tell me in your own words what you did in

4   connection with the charge set forth in the indictment, which

5   charges you with being a felon in possession of ammunition.

6           THE DEFENDANT:  On August 30th of 2018, I possessed

7   ammunition in Brooklyn.  I knew that I had a previous felony

8   conviction.

9           THE COURT:  All right.  So you had a prior felony

10  conviction.

11          Was that punishable by a term of imprisonment of

12  more than one year?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And did you know that as a person who

15  had previously been convicted of a felony punishable by one

16  year, that you were not permitted by law to possess

17  ammunition?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Did you know that you did possess that

20  ammunition?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Let me ask the government if there's

23  anything else they'd like to hear from Mr. Woodford regarding

24  his allocution.

25          MR. AGANGA-WILLIAMS:  Your Honor, if you could

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

PROCEEDINGS                                    19

1   clarify that the defendant's knowledge about his prior felony

2   was at the time -- was before the time of the possession as

3   opposed to sitting here today.

4           THE COURT:  All right.

5           When you possessed the ammunition on August 30th of

6   2018, in Brooklyn, had you already been convicted of an

7   offense punishable by more than one year?

8           THE DEFENDANT:  Yes.

9           THE COURT:  And were you aware on that date that

10  because you were convicted of that prior offense, you could

11  not possess ammunition on August 30th, 2018?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Mr. Aganga-Williams, is there anything

14  else?

15          MR. AGANGA-WILLIAMS:  Your Honor, I believe the

16  parties will stipulate that the government could prove at

17  trial that the ammunition impacted interstate commerce.

18          THE COURT:  Is that correct, Ms. Glashausser, you

19  will stipulate to the impact on interstate commerce?

20          MS. GLASHAUSSER:  Yes, Your Honor.

21          MR. AGANGA-WILLIAMS:  Then there's nothing else from

22  the government, Your Honor.

23          THE COURT:  Ms. Glashausser, is there anything else

24  you would like to add?

25          MS. GLASHAUSSER:  No, Your Honor.

PROCEEDINGS                                    20

1          THE COURT:  Mr. Woodford, based on the information

2     that you've provided, I find that you are acting voluntarily;

3     that you fully understand your rights and the consequences of

4     your plea, and that there is a factual basis for your plea of

5     guilty to the indictment, I therefore accept your plea of

6     guilty to the felon in possession of ammunition charged in the

7     indictment.

8          I'd like you to cooperate with the Probation

9     Department in the preparation of your presentence report.

10    We've scheduled your sentencing for April 28th, 2020, at

11    11:00 a.m.

12         The parties are to follow Federal Rule of Criminal

13    Procedure 32 regarding any objections or corrections to the

14    PSR.  They should be served on probation, opposing counsel,

15    with two courtesy copies to my chambers.

16         The defense objections or corrections are due within

17    one week of receipt of the PSR, and the government will

18    respond one week thereafter.

19         The sentencing memoranda or motions and letters of

20    support for Mr. Woodford should be filed on ECF, unlike the

21    objections to the PSR, with redactions for names of minor

22    children and, you know, sensitive medical information, et

23    cetera.

24         You can file an unredacted version for attorneys'

25    eyes and the Court's eyes only.

PROCEEDINGS                                                   21

1              The defense submissions are due April 7th.

2              The government's are due April 14th.

3              And the reply by the defendant is due April 21,

4      2020.

5              Yes?

6              MS. GLASHAUSSER:  Your Honor, if I may, I was hoping

7      to ask for an expedited PSR, and a sentencing date a bit

8      earlier than that, just because I will be going on maternity

9      leave sometime in April.  April 20th is my due date.

10             So if it's at all possible for the Court.

11             THE COURT:  We can try to find you another date.

12     You want to be finished before April 1st; is that right?

13             MS. GLASHAUSSER:  That will be great, Your Honor.

14             THE COURT:  Okay, we'll try.

15             MS. GLASHAUSSER:  I appreciate it.

16             THE COURTROOM DEPUTY:  April --

17             THE COURT:  She needs to be finished in March.

18             She needs to be finished by April 1.

19             THE COURTROOM DEPUTY:  March 16th?  Does that work?

20             THE COURT:  Sentencing on March 15?

21             THE COURTROOM DEPUTY:  1-6, Monday.

22             THE COURT:  March 16th?

23             THE COURTROOM DEPUTY:  Yes.

24             THE COURT:  At what time?

25             THE COURTROOM DEPUTY:  11 a.m.

PROCEEDINGS                              22

1          THE COURT:  Does that work for you?

2          MS. GLASHAUSSER:  That's fine, Judge.

3          THE COURTROOM DEPUTY:  Okay.

4          THE COURT:  Is that all right with the government?

5          MR. AGANGA-WILLIAMS:  I believe so, Your Honor, yes.

6     That's at 11 a.m.?

7          THE COURT:  Yes, on March 16th.

8          All right, so that will mean that I would need

9     everything before March.

10          So assuming you can prevail upon probation to

11    expedite the PSR, I'd like to get the defense motions,

12    sentencing motions and submissions by February 18th.

13          The government would respond by February 25th.

14          And any reply would be due by March 2nd.

15          And, again, please deliver two courtesy copies to

16    the Court, to my chambers, and make sure that you serve

17    probation with your sentencing submissions, okay?

18          MS. GLASHAUSSER:  Thank you, Your Honor.

19          Would it be possible for you to put in a request for

20    the expedited PSR?  I've never done it.  I can try it

21    personally, but usually it comes from the Court.

22          THE COURT:  Well, usually I found that lawyers take

23    care of that.  I'm sure both the government and the defense

24    lawyer ask for an expedited PSR.  We'll make the same request.

25    Okay?

PROCEEDINGS                                    23

1              MS. GLASHAUSSER:  Thank you, Your Honor.

2              THE COURT:  All right, is there anything else?

3              MR. AGANGA-WILLIAMS:  Nothing from the government,

4    Your Honor.

5              THE COURT:  All right, thank you.

6              Have a good weekend.

7

8              (Whereupon, the matter was concluded.)

9                        *    *    *    *    *

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.
/s/ Linda D. Danelczyk        April 8, 2020